UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD E. KNAPP,<br><br>  Plaintiff,<br>  v.<br><br>DUSTIN GOUDSCHAAL,<br><br>  Defendant. | CASE NO. 3:24-cv-05118-DGE<br><br>ORDER ON MOTION TO AMEND COMPLAINT (DKT. NO. 19) |

This matter comes before the Court on Plaintiff Richard E. Knapp's motion to amend the complaint. (Dkt. No. 19.) The Court has reviewed the motion, Defendant's amended response in opposition (Dkt. No. 23), and Plaintiff's reply (Dkt. No. 24).

According to the complaint, Knapp was falsely accused, arrested, and held in custody for the murder of Audrey Frasier. (Dkt. No. 1 at 2–4.) Plaintiff brought a complaint against the detective who found probable cause for his arrest, Dustin Goudschaal, alleging two causes of action pursuant to 42 U.S.C. § 1983 predicated on judicial deception. (*Id.* at 31, 33.) In his proposed Amended Complaint, Plaintiff adds factual allegations to provide greater context for

ORDER ON MOTION TO AMEND COMPLAINT (DKT. NO. 19) - 1

1    the lawsuit; corrects a typographical error which inadvertently cited "RCW 4.16.090" instead of
2    "RCW 4.16.190" (applicable tolling provision); and asserts an additional Fourth Amendment
3    violation against Defendant for false arrest, actionable under 42 USC § 1983.  (Dkt. No. 19 at 2.)
4         Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading only
5    with the opposing party's written consent or the court's leave. The court should freely give leave
6    when justice so requires." Fed. R. Civ. P. 15(a)(2).  When assessing whether to grant a party
7    leave to amend, the Court must consider "bad faith, undue delay, prejudice to the opposing party,
8    futility of amendment, and whether the plaintiff has previously amended the complaint." *United*
9    *States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).
10        Since Plaintiff has not previously amended the complaint and there is no evidence of bad
11   faith, undue delay, or prejudice to the Defendants, the Court's analysis focuses on whether
12   Plaintiff's amendment would be futile. *See id.* "A court may deny leave to amend 'where the
13   amendment would be futile . . . or where the amended complaint would be subject to
14   dismissal.'" *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 896
15   (W.D. Wash. 2021) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).  "A
16   proposed amendment will be rejected as futile 'if no set of facts can be proved under the
17   amendment to the pleadings that would constitute a valid and sufficient claim or
18   defense.'" *Walters v. Superior Tank Lines Nw. Div., LLC*, No. C19-0191RSL, 2019 WL
19   3067299, at *1 (W.D. Wash. July 12, 2019) (quoting *Combs v. Lehman*, No. C08-5063
20   RJB/KLS, 2010 WL 1537289, at *1 (W.D. Wash. Apr. 15, 2010)).
21        Defendant argues the amendment would be futile because it adds facts that are not
22   material to the underlying issue of whether probable cause for Knapp's arrest exists.  (Dkt. No.
23   23 at 4–5.)  Defendant argues the existence of probable cause, based on the true statements in
24

1  Goudschaal's findings, defeats any claim of false arrest, and even if there was a lack of probable

2  cause, Goudschaal is entitled to qualified immunity.  (*Id.* at 5.)

3  The facts as presented in the amended complaint and as highlighted by Plaintiff in his

4  reply plausibly assert Knapp's Fourth Amendment right was violated by Gouldschaal while he

5  acted under color of state law. (Dkt. No. 19-1 at 34.)  Additionally, the major amendment to the

6  complaint is the addition of the false arrest claim rather than any plethora of irrelevant or

7  immaterial facts as Defendant claims.  Given that leave to amend should be freely given, the

8  Court GRANTS Plaintiff's motion.  If Defendant so chooses, he may present his arguments on a

9  motion to dismiss.

10  Dated this 23rd day of July, 2024.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO AMEND COMPLAINT (DKT. NO. 19) - 3