UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD E. KNAPP,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>DUSTIN GOUDSCHAAL,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05118-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS (DKT. NO. 65) |

This case comes before the Court on Plaintiff's motion to retax costs. (Dkt. No. 65.) For the reasons articulated herein, this motion is DENIED.

**I     BACKGROUND**

This case arises out of Plaintiff's February 2024 suit alleging violations of his Fourth Amendment rights. (Dkt. No. 1, *as amended* Dkt. No. 27.) On August 11, 2025, the Court granted Defendant's motion for summary judgment. (Dkt. No. 52.)[1] On August 13, 2025, Defendant moved to tax all fees and costs against Plaintiff. (Dkt. No. 54.) The Clerk awarded

---

[1] Plaintiff filed an appeal on September 10, 2025. (Dkt. No. 63.)

1  Defendant $9,287.50.  (Dkt. No. 61.)  On September 11, 2025, Plaintiff moved to retax costs.

2  (Dkt. No. 65.)

3                              II      DISCUSSION

4      A.  Legal Standard

5      Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding

6  costs to a prevailing party, but vests in the district court discretion to refuse to award costs."

7  *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).  The

8  Ninth Circuit identifies "[a]ppropriate reasons for denying costs" as "(1) the substantial public

9  importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling

10 effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the

11 economic disparity between the parties."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236,

12 1247-1248 (9th Cir. 2014).  "[A] district court need not give affirmative reasons for awarding

13 costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive

14 to overcome the presumption in favor of an award."  *Save Our Valley v. Sound Transit*, 335 F.3d

15 932, 945 (9th Cir. 2003).  In civil rights cases, the court must consider a losing plaintiff's

16 "limited financial resources."  *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 (citing *Stanley

17 v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-1080 (9th Cir. 1999); *see also Escriba*, 743 F.3d at 1248

18 ("Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to

19 pay' the amount assessed." (quoting *Stanley*, 178 F.3d at 1080)).

**B. Analysis**

Plaintiff asserts the chilling effect on future litigation and his indigency are bases for retaxing. (Dkt. No. 65 at 1.)[2]

Plaintiff's argument about the potential chilling effect on future litigation is not persuasive. Courts in the Ninth Circuit have occasionally ruled in favor of plaintiffs alleging chilling effect concerns. *See Nelson v. Thurston County*, No. 3:18-cv-05184-DGE, 2023 WL 8370156, at *3 (W.D. Wash. Dec. 4, 2023) (citing multiple cases in support of this proposition). This case, however, is distinguishable. Chilling effect concerns exist only where civil rights litigants attempt to "test the boundaries of our laws," not where there are mere "disputed questions of fact . . . resolved in Defendants' favor." *Fulton v. Thayer*, No. LA CV 10-0137 JCG, 2016 WL 11758740, at *1 (C.D. Cal. Mar. 21, 2016) (internal citations omitted). While perhaps the period between the alleged murder and the probable cause determination was lengthier than normal, the facts generally appear to represent a typical judicial deception dispute. (*See* Dkt. No. 52 at 18) (finding the parties "generally agree on the applicable legal standard," so the dispute is only whether the facts alleged constitute judicial deception.).

Additionally, while Plaintiff may have a plausible claim his indigency demands retaxation,[3] the current record before the Court is insufficient to grant Plaintiff's motion.

---

[2] Plaintiff also raises in a conclusory fashion the idea the public importance of this litigation may serve as a basis for retaxation. (*See* Dkt. No. 65 at 2; Dkt. No. 70 at 1.) While the public importance of this litigation may support Plaintiff's claim, his failure to discuss it in any detail makes it insufficient to justify retaxation presently.

[3] The mere fact Plaintiff is not proceeding *in forma pauperis* (IFP) is irrelevant. Courts in the Ninth Circuit have reduced costs for individuals without IFP status. *See, e.g.*, *Cleveland v. The Behemoth*, No. 3:19-cv-00672-RBM-BGS, 2025 WL 1361297, at *4 (S.D. Cal. May 9, 2025). Additionally, while 28 U.S.C. § 1915(f)(2)(B) states IFP status does not automatically relieve a losing party from costs and requires individuals who cannot pay outright to pay in installments, it does not address individuals who have insufficient money to pay even in installments. *See, e.g.*,

ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS (DKT. NO. 65) - 3

1  Indigency analysis is a fact-specific inquiry. Courts are skeptical both of accepting mere
2  conclusory statements from movants and of imposing too high a bar to relief. *Compare Fuller v.*
3  *Kitsap*, No. C16-5407 BHS, 2018 WL 9642910, at *1 (W.D. Wash. Feb. 15, 2018) (holding even
4  homelessness may not be sufficient on its own for retaxation) *with Cleveland v. The Behemoth*,
5  No. 3:19-cv-00672-RBM-BGS, 2025 WL 1361297, at *3 (S.D. Cal. May 9, 2025) (emphasizing
6  no specific statement or schedule of assets is required). Ultimately, successful movants
7  generally provide significant information on factors including but not limited to loans or debts
8  they owe, checking accounts, vehicle or real estate assets, other individuals either supporting or
9  being supported by them, and other savings or investments. *See The Behemoth*, 2025 WL
10 1361297, at *4; *Santopietro v. Howell*, No. 2:12-cv-01648-JCM-PAL, 2014 WL 6968070, at *2
11 (D. Nev. Dec. 9, 2014); *Mam v. City of Fullerton*, No. SACV 11-1242-JLS (MLGx), 2014 WL
12 12573550, at *2 (C.D. Cal. July 24, 2014).
13    Here, Plaintiff does not provide a declaration identifying his current assets such as bank
14 account balances, ownership and value of any personal or real property, a breakdown of monthly
15 household expenses and incomes, whether there are others contributing to those expenses, any
16 savings maintained, or any other investment assets. The Court simply is unable to evaluate
17 Plaintiff's financial standing. It also is unclear whether Plaintiff ever received any life insurance
18 payment. Plaintiff's statement that he did not receive a life insurance payment while "awaiting
19 trial" is unclear. If Plaintiff did not receive a life insurance payment at all, and not just while
20 awaiting trial, Plaintiff should so state. If he did receive life insurance proceeds of any type at
21 any time, Plaintiff should identify the amount received.

---

*Jones v. Pollard*, No. 21CV162-GPC(BGS), 2023 WL 7006794, at *5 (S.D. Cal. Oct. 24, 2023) (reducing costs not merely requiring installments).

# III   ORDER

In its present form, Plaintiff's motion to retax costs (Dkt. No. 65) is DENIED without prejudice.  Plaintiff may refile his motion but must provide a detailed declaration identifying Plaintiff's current financial standing to support the motion.

Dated this 14th day of October, 2025.

David G. Estudillo
United States District Judge